PEOPLE v. LYONS.

(*Supreme Court, Special Term, New York County.* August 16, 1888.)

1. CRIMINAL LAW—APPEAL—AFFIRMANCE—PROCEDURE BELOW.
    Code Crim. Proc. N. Y. § 549, provides, in reference to criminal appeals, that after the certificate of judgment has been remitted, all orders necessary to carry the judgment into effect must be made by the court to which the certificate is remitted. Defendant's sentence of death in the general sessions was affirmed by the court of appeals, and the cause remitted to the trial court. *Held,* that the general sessions properly directed the sentence to be executed, and named a day therefor.

2. SAME—JURISDICTION IN CAPITAL CASES—CONSTITUTIONAL LAW.
    The appellate jurisdiction of the supreme court in criminal cases is statutory, and Code Crim. Proc. N. Y. § 517, providing that an appeal from a sentence of death must be to the court of appeals instead of the supreme court, as theretofore, is constitutional.

At chambers. On application for *habeas corpus.*

*Blake & Sullivan,* for petitioner. *John R. Fellows,* Dist. Atty., for the People.

PATTERSON, J. Daniel Lyons was convicted of murder in the first degree, in the court of general sessions of the peace of the city and county of New York, in September, 1887, and was sentenced to be executed on the 25th of November, 1887. He appealed from the judgment and conviction directly to the court of appeals, and on the 14th of February, 1888, that court rendered a judgment affirming the conviction and the judgment, and directed the cause to be remitted to the court of general sessions, to be there proceeded with and enforced according to law. 17 N. E. Rep. 391. The *remittitur* from the court of appeals was filed in the court of sessions, and on the 26th of June, 1888, that court, the recorder of the city of New York presiding, directed that the sentence be enforced and carried into execution, and the 17th day of Au-

gust, 1888, was named as the day for carrying the sentence into effect, and thereupon a warrant for execution was issued to the sheriff of the city and county of New York. Thereafter the prisoner filed a notice of appeal from the original conviction and judgment to the general term of this court, and now applies to this court upon a writ of *habeas corpus,* claiming that the fixing of the date of execution by the recorder was without authority of law, and that the court of general sessions had no jurisdiction to name the day for the infliction of the death penalty, and asks the interposition of this court to stay his execution upon the ground stated.

The contention of the prisoner is based upon certain sections of the Code of Criminal Procedure, and it is claimed that those sections operate to vest an exclusive authority in certain courts named therein to fix a day for the carrying out of a sentence in a capital case under the circumstances mentioned, (sections 503, 504,) and that the court of general sessions had no jurisdiction whatever. The sections referred to provide as follows: Sec. 503. "Whenever, for any reason, other than insanity or pregnancy, a defendant, sentenced to the punishment of death, has not been executed pursuant to the sentence, at a time specified thereby, and the sentence or judgment inflicting the punishment stands in full force, the court of appeals, or a judge thereof, or the supreme court, or a justice thereof, upon application of the attorney general, or of the district attorney of the county where the conviction was had, must make an order, directed to the sheriff, commanding him to bring the convict before the court of appeals, or a general term of the supreme court in the department, or a term of a court of oyer and terminer in the county where the conviction was had. If the defendant be at large, a warrant may be issued by the court of appeals, or a judge thereof, or by the supreme court, or a justice thereof, directing any sheriff or other officer to bring the defendant before the court of appeals, or the supreme court at a general term thereof, or before a court of oyer and terminer in that county." Section 504 then proceeds to enact that, "upon the defendant being brought before the court, it must inquire into the circumstances, and, if no legal reason exists against the execution of a sentence, it must issue its warrant to the sheriff of the proper county, under the hands of the judge or judges, or of a majority of them, of whom the judge presiding must be one of them, commanding the sheriff to do execution of the sentence, upon the day appointed therein." If this were the only provision of law to be found upon the subject of the enforcement of the sentence of the law in such cases, there would be ground for questioning the validity of the action of the court of sessions in fixing the day for execution in this case. But there is another provision of the Code of Criminal Procedure referring to appeals in criminal cases, which enacts as follows: Sec. 549. "After the certificate of the judgment has been remitted as provided in section 547, [that is, when the judgment of the appellate court was given, it must be entered in the judgment book, and a certified copy of the entry forthwith remitted to the clerk, with whom the original judgment roll is filed, or, if a new trial be ordered in another county, to the clerk of that county, etc.,] the appellate court has no further jurisdiction of the appeal, and all orders which may be necessary to carry the judgment into effect must be made by the court to which the certificate is remitted, or by any court to which the cause may thereafter be removed." This section 549 is a general provision relating to all criminal appeals, and there is no exception made as to capital cases. It is mandatory in its provisions, and imposes an absolute duty upon the court to which the judgment has been remitted. It cannot be held that the 549th section has been rendered inapplicable, by the preceding sections referred to, to capital cases. These sections are not to be considered as constituting separate statutes. They are different provisions of one general statute relating to criminal procedure, and they must be so construed as to harmonize, and not to conflict. These sections may be so construed as to allow both

to operate; and if by a certain construction they might be said to conflict, that construction which would make them harmonize is the one which should be adopted by the court. My conviction, with reference to the respective sections, is that sections 503 and 504 were intended to enact a general rule to prevent a failure of the carrying out of the sentence of the court in capital cases, where the day of execution has passed for any reason whatever, or, in other words, a general provision for lapsed sentences, such as in escapes: and even, although it may be construed as applying to appeals, it seems to be obvious from the construction of the section that the action of the courts referred to must be had upon the application of the attorney general or the district attorney. . In the absence of such an application, the provisions of section 549 are in full force, and conferred upon the recorder ample authority to fix the day for the execution of this prisoner. The writ of *habeas corpus* must be dismissed.

Another application has been made on behalf of the prisoner for a stay of execution, to enable him to prosecute an appeal to the general term of this court, from the original judgment upon the conviction rendered against him in the court of general sessions; and the question he is desirous of presenting is as to the constitutionality of a provision of the Code of Criminal Procedure which took away an appeal in capital cases from the general term of the supreme court, and required, in such cases, the appeal to be taken directly to the court of appeals. The contention made on this proposition is that the defendant is entitled as a matter of right, under the constitution of the state of New York, to this intermediate appeal; and to sustain this claim it is urged that by section 6, art. 6, of the constitution of this state, the supreme court is clothed with general jurisdiction, at law and in equity, and that a part of such general jurisdiction is that of sitting in review upon judgments rendered by other tribunals in criminal cases. The section of the Code of Criminal Procedure referred to reads as follows: Sec. 517. "An appeal to the supreme court may be taken by the defendant from the judgment on a conviction after indictment, except that, when the judgment is of death, the appeal must be taken direct to the court of appeals; and upon the appeal any actual decision of the court in an intermediate order or proceeding forming a part of the judgment roll may be reviewed." This section of the Code of Criminal Procedure was in force at the time of the commission of the offense for which the prisoner was indicted, and at the time of his conviction and sentence. Prior to the 1st of June, 1887, there was an appeal allowed from the judgment of the court of general sessions in such a case to the general term of the supreme court, and the question is whether or not it is competent for the legislature to take away that appeal to the general term, and compel the prisoner to proceed directly with his appeal to the court of appeals. The consideration of this question involves an inquiry into the general jurisdiction at law and in equity of the supreme court, so far as that jurisdiction is appellate; and incidentally is involved the right of the prisoner to the appeal he has taken to the general term since the affirmance of his conviction in the court of appeals, and his resentence in the court of general sessions. The jurisdiction of the supreme court to sit in review in criminal cases is a jurisdiction derived from statute. In the case of *Shufflin* v. *People*, 4 Hun, 20, (decided in this department,) it was held by the general term that the only authority this court had over questions arising on indictments is that given by statute, and I find that all the powers and jurisdiction respecting appeals in criminal cases from the court of oyer and terminer and the court of general sessions are given and regulated by statute. My attention has not been called to any case in which it has been decided that the general jurisdiction of the supreme court extends to appeals from the oyer and terminer, or from the court of general sessions, except where such appeals are given, and the procedure therein regulated, by statute. If the ju-

risdiction on appeal in criminal cases was conferred by the legislature on the supreme court, the legislature would have the right to alter or take away that jurisdiction thus conferred; for the legislature is supreme in its legislation, except when restrained by positive provisions of the constitution. There is nothing in the constitution which in terms gives appellate jurisdiction to the supreme court in criminal cases, and I am not able to discover any decision which holds that such right was within the general jurisdiction of the supreme court, irrespective of statute, as that court existed at the time of the adoption of the constitution of 1869, or before that time. That the legislature may take away such appellate jurisdiction as it has given seems not to be controverted; and, indeed, it has been held by the court of appeals, with reference to civil causes, that the jurisdiction of the supreme court to entertain appeals from other courts may be taken away, as in the case of the city court of Brooklyn. At one time the supreme court had jurisdiction to review on appeal the judgments of that court, but that jurisdiction was taken away by an act of the legislature. The court of appeals had occasion to consider the subject of the constitutionality of that legislation, and said, in an opinion in the case of *Hutkoff* v. *Demorest*, 103 N, Y. 382, 8 N. E. Rep. 899: "There is no provision in the constitution in relation to the supreme court which can be construed as restraining the legislature from taking from that court the appellate jurisdiction from the city courts of Brooklyn which it possessed in 1869 and 1870, and the question now presented could not arise in respect to the act of 1871, before referred to,"—that being the act which had the effect of taking away the jurisdiction of the supreme court. There is no difference in principle between taking away the right of appeal in a civil case and in a criminal case, unless that right of appeal in a criminal case comes within the general jurisdiction of the supreme court.

I am thoroughly satisfied that such appeal in criminal cases was not within the general jurisdiction of the supreme court, within the meaning of the constitutional provision in the constitution of 1869, which continued the existing supreme court, with general jurisdiction in law and equity, and that it was not part of the inherent power or jurisdiction of the supreme court to take upon itself the review of judgment in criminal cases from other tribunals. This follows necessarily from what has been adjudicated in this court respecting the powers and jurisdiction of the court in such cases. As before said, the only authority for and regulation of procedure on such appeals that I am able to find is statutory, and the question then arises, what was the power and jurisdiction of the supreme court with reference to such appeals or reviews of judgments in criminal cases, previous to the passage of those statutes? It is undoubtedly true that before the Revised Statutes the supreme court did sit in review of judgments in criminal cases, as, for instance, in the review of cases brought up from the oyer and terminer; but that jurisdiction was not a part of the general jurisdiction of the supreme court, as results from what was held in the case of *Carnal* v. *People*, 1 Park. Crim. R. 268. It is there stated that prior to the Revised Statutes there was no bill of exceptions in a criminal case, and a writ of error thereon for the review of convictions in the oyer and terminer. If it had been a part of the general jurisdiction of the supreme court to sit on appeals in criminal cases, they certainly would have had jurisdiction to review, on a writ of error and exceptions, convictions in the oyer and terminer. The court goes on to say: "The review was obtained in this manner: The court suspended passing sentence, and certified the question which was in doubt to the supreme court, who considered and passed upon it, and advised the court below either to grant a new trial or proceed to pass sentence, etc. Whether the trial should be reviewed was at the option of the court before which it [the trial] was had, and the jury [misprint for prisoner] had not the right, as in civil cases, to take exceptions, and carry up the record for review." It is further said in

the opinion referred to, that "the legislature, in the Revised Statutes, altered this practice, and gave to the prisoner the right to interpose his exceptions, and a right to a review of his case; and they adopted various provisions" to carry this into effect. This, therefore, became a part of the statutory jurisdiction of the general term. It seems to me, from the whole of this opinion, and upon a general consideration of the whole case, that the existing jurisdiction of the supreme court to sit in review or appeal in a criminal case is altogether statutory, and not a part of the inherent general jurisdiction of the supreme court, and that it was entirely competent for the legislature to take away the jurisdiction which it had conferred upon the supreme court; and I must therefore decline to grant the stay of proceedings in this case. It may be added that the court of appeals has passed upon and decided at least four capital cases, taken there by direct appeal under the provisions of the section referred to,[1] and it is hardly conceivable that that court would have taken jurisdiction if there were any reasonable doubt of the constitutionality of the law.